Exhibit K

| NEW YORK STATE **Corrections and Community Supervision** **DIRECTIVE** | TITLE **Criminal Prosecution Of Inmates** | NO. 6910 |
|---|---|---|
| | | DATE 02/26/2015 |
| SUPERSEDES DIR# 6910 Dtd. 03/26/2014 | DISTRIBUTION A B | PAGES PAGE 1 OF 4 | DATE LAST REVISED |
| REFERENCES (Include but are not limited to) | APPROVING AUTHORITY *[signature]* | |

I. **BACKGROUND**: One of the fundamental purposes of New York's Penal Law is to ensure public safety by preventing the commission of offenses through the deterrent influence of the sentences authorized, the rehabilitation of those convicted, and their confinement when required in the interests of public protection. Inmates are committed to the custody of the Department for crimes they committed in the community. Inmates who engage in further criminal behavior while incarcerated must be held accountable for their actions. This directive is intended to facilitate criminal prosecutions where appropriate and to establish protocols in furtherance of this goal.

II. **POLICY**: With the objectives of maintaining a safe working and living environment for all staff and inmates, curtailing violence, reducing contraband, and deterring escapes, it is the policy of the Department of Corrections and Community Supervision (DOCCS) to seek the criminal prosecution of inmates who, while incarcerated, commit serious criminal infractions under New York or Federal law. In furtherance of this policy, each facility Superintendent shall endeavor to develop and maintain a positive working relationship, both with the regional New York State Police Bureau of Criminal Investigation, or other appropriate police entity, and the Office of the District Attorney of the county where the correctional facility is located.

Facility and Central Office staff shall collaborate when necessary to ensure that the appropriate records and evidentiary materials on apparent serious criminal violations are carefully developed, collected, logged, and preserved.

The Office of Special Investigations (OSI) may be consulted in any situation where there appears to be a problem with the cooperation of the outside police or prosecutorial entity.

Facility, Central Office, and OSI staff shall cooperate fully with the State Police, local District Attorneys, the Attorney General's Office, U.S. Attorneys, and all other Federal, State, and local police or investigative officials who may be instrumental in bringing a felony case to successful prosecution and conviction.

The Department shall seek to establish and strengthen working relationships between DOCCS staff and law enforcement personnel in order to more fully support their investigative and prosecutorial functions. Development of local protocols with individual District Attorney Offices and State and local police or investigative officials is recommended to be undertaken by the facilities.

III. **RESPONSIBILITIES OF THE SUPERINTENDENT**

A. <u>Criminal Prosecution Liaison Assignment</u>: The Superintendent shall appoint a supervisory staff member to serve as the Criminal Prosecution Liaison (CPL), who shall oversee all aspects of each inmate prosecution. It is preferable, if possible, that the person be a member of the uniformed ranks and hold the rank of Lieutenant or higher. Emphasis will be given to seeking prosecution of inmates who are suspects in crimes of a serious nature.

| | |
|---|---|
| DATE 02/26/2015 | NO. 6910, Criminal Prosecution Of Inmates<br>PAGE 2 of 4 |

B. **Incident Evaluation**: The Superintendent or designee shall evaluate all apparent criminal violations of a serious nature by inmates for possible referral for criminal prosecution. Priority shall be accorded to the following types of offenses: homicide, assault involving serious physical injury, riot, kidnapping (hostage-taking), escape, arson, rape, criminal sexual act or sexual abuse, aggravated harassment of an employee by an inmate (throwing of bodily fluid), dangerous prison contraband, possession of a deadly weapon, and any attempts or conspiracies to commit the foregoing. If a question arises as to the merits of a particular case for outside prosecution, the Superintendent may confer with OSI. The Superintendent shall ensure that the facility CPL is notified of all incidents that will be referred for outside prosecution.

C. **Confidentiality Advisory**: Should any concerns arise regarding the confidentiality of any evidentiary or investigative materials to be turned over to a police or prosecuting authority, the Superintendent should confer with OSI. It must be remembered that ultimately, any records initially turned over to a police or prosecuting authority might, as a part of the criminal discovery process, subsequently be reproduced to the Defense Attorney who represents the inmate in the criminal prosecution. As such, the inmate himself or herself might have direct access to the records in question. Therefore, extreme care must be taken to first redact any sensitive information on records to be handed over that is not relevant to the criminal matter, such as any personal identifying information regarding any Department employees (e.g., social security numbers and home addresses, etc.). Furthermore, if the Superintendent becomes aware of any special circumstances regarding a pending prosecution (i.e., a Prosecutor wishes to offer an inmate witness a transfer to a new correctional facility in exchange for needed testimony), the Superintendent should contact OSI.

D. **Orders to Produce**: Questions may arise as to whether force may be used in connection with the production of an inmate for an arraignment on the pending criminal charges or at a subsequent court appearance. If it is known in advance that an inmate will not willingly comply with a standard order to produce, efforts should be made through the District Attorney to have the Judge issue an order with additional language. For example, the order could specify that "the Department is directed to use whatever reasonable degree of force is necessary to ensure the production of the inmate on the scheduled date." Even in situations where force is authorized, however, the standard is one of reasonableness and common sense. Care must be taken to ensure that neither any staff member nor the inmate is injured in order to comply with the order to produce. If questions arise, the Superintendent should consult with OSI, the Deputy Commissioner for Correctional Facilities, and/or Counsel's Office.

IV. **RESPONSIBILITIES OF THE CRIMINAL PROSECUTION LIAISON (CPL)**: The following procedures shall occur for each incident deemed to be prosecutable at the facility level:

A. **Information/Evidence Packet Preparation**: The CPL shall complete the standardized Form #6910 A, "Information/Evidence Packet Cover Sheet," regarding the incident, ensuring that all required information as listed below and on the form checklist is obtained and included in the Information/Evidence Packet:

1. Unusual Incident Report;

| DATE 02/26/2015 | NO. 6910, Criminal Prosecution Of Inmates |
|---|---|
| | PAGE 3 of 4 |

2. Disciplinary Summary sheet of the alleged inmate perpetrator(s) and any witness(es);
3. All investigation reports and correspondence;
4. Misbehavior Report(s);
5. Use of Force Reports (if applicable);
6. Certified Medical Report(s) of those suffering injuries (if applicable);
7. Certificate of Conviction of the alleged inmate perpetrator(s) and any witness(es);
8. Photo(s) of alleged inmate perpetrator(s);
9. Photo(s) or videotape(s) regarding any aspect of the incident or crime scene (if applicable);
10. New Fingerprint cards (upon request of a Federal, State, or local law enforcement agency); and
11. Any miscellaneous related statements or documents.

B. **Additions to the Information/Evidence Packet**: If any additional information or documentation is generated or received regarding the case and it is requested by the District Attorney it shall be included in the Information/Evidence Packet. This information may include, but is not limited to:

1. Transcripts or copies of audio tapes of Tier hearings;
2. Transcripts or copies of audio tapes of administrative segregation determinations;
3. Transcripts or copies of audio tapes of involuntary/voluntary protective custody determinations;
4. All miscellaneous related statements, documents, Court Orders, etc.; and
5. Results of any investigation conducted by OSI, if applicable.

The CPL shall ensure that Form #6910 B, "Tier Hearing Evidentiary Form," accompanies any Tier hearing audiotape or transcript when provided to an investigatory or prosecuting authority. This disclaimer form explains that a statement made by an inmate in response to a charge alleged in a Misbehavior Report in a Tier hearing, or any information derived there from, may not be used as direct evidence against the inmate in a criminal proceeding. Because of this unique use immunity principle that applies to inmate disciplinary proceedings, it is possible that a prosecutor may prefer that such materials be excluded from the evidentiary packet.

C. **Case Submission**: The CPL shall submit one copy of the Information/Evidence Packet to the District Attorney's Office and one copy to the appropriate police agency (e.g., New York State Police Bureau of Criminal Investigation). The CPL shall maintain the original Information/Evidence Packet and any succeeding case materials in a secure file for the ongoing prosecution. Original documents may be provided to the District Attorney's Office upon request (copies shall be retained at the facility by the CPL). The CPL shall notify the Inmate Records Coordinator's Office of each case that is accepted for criminal prosecution by the District Attorney's Office.

| | |
|---|---|
| DATE 02/26/2015 | NO. 6910, Criminal Prosecution Of Inmates<br>PAGE 4 of 4 |

D. **Case Monitoring**: The CPL shall contact the State Police, District Attorney, or other involved agents on a quarterly basis to note the status of every pending case.

E. **Case Reporting**: The CPL shall utilize Form #6910 C, "Quarterly Report of Pending Inmate Criminal Prosecution Cases," to report the status of each pending case to OSI according to the following quarterly schedule:

- April 15 - covering all activity on each pending case during the time period January 1 through March 31
- July 15 - covering all activity on each pending case during the time period April 1 through June 30
- October 15 - covering all activity on each pending case during the time period July 1 through September 30
- January 14 - covering all activity on each pending case during the time period October 1 through December 31

The "Quarterly Report of Pending Inmate Criminal Prosecution Cases" must provide an update on each pending case, and must be fully completed each quarter.

Pending prosecution cases will continue to appear on each subsequent quarterly report throughout the course of the prosecution, until a final disposition has been reached.

The CPL shall notify the Superintendent if he or she experiences any difficulties in obtaining case status information from the State Police or District Attorney's Office.

If there are no pending prosecution cases, the "Quarterly Report of Pending Inmate Criminal Prosecution Cases" form must be submitted according to schedule, with "NONE" indicated.

Form #6910 C should be filled out as followed:

- Incident Date – Date of the incident
- CCC# - The 6 digit CCC# (not the facility UI#)
- Inmate's Last Name – The last name of the inmate being prosecuted
- DIN – The DIN of the inmate being prosecuted
- Incident Description – This field will contain a short description of the incident (i.e., Assault on Staff, Assault on Inmate, Aggravated Harassment, Drugs-Marijuana, Weapon – on inmate, Weapon – in cell)
- Investigating Agency and Investigator – Enter the investigating agency and the name of the investigator for the incident (i.e., NYSP – Inv. Smith)
- Details – This field is for updating what stage in the criminal justice process the case currently is in (i.e., Being Reviewed by DA, Awaiting Grand Jury, Awaiting Trial, Sentenced to 3-0-0)