Exhibit N

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION **DIRECTIVE** | TITLE **Contraband/Evidence - Handling, Storage, and Disposition** | NO. 4910A |
|---|---|---|
| | | DATE 3/7/2016 |
| SUPERSEDES DIR# 4910A Dtd. 02/20/2014 | DISTRIBUTION A  B | PAGES PAGE 1 OF 11 | DATE LAST REVISED |
| REFERENCES (Include but are not limited to) Directives #4004, #4092, #4910, #4931, and #4938 | APPROVING AUTHORITY *Joseph F. Bellm* | |

| Section | PG | Section | PG | Section | PG |
|---|---|---|---|---|---|
| I. Purpose | 1 | IV. Reporting/Recording/Logging | 4 | C. Money | 7 |
| II. Policy | 1 | A. Recovery | 4 | D. Contaminated Contraband | 8 |
| A. Responsibility | 1 | B. Reporting/Logging | 5 | VII. General Contraband Handling, Storage & Disposition | 9 |
| B. Evidence Control Supervisor | 1 | V. Handling of Contraband Evidence | 5 | A. Handling | 9 |
| III. Definitions | 2 | A. "Serious/dangerous" Contraband/Evidence | 6 | B. Storage | 9 |
| A. Contraband | 2 | B. General Contraband-See Section VII | 6 | C. Disposition | 9 |
| B. Types of Contraband | 2 | C. Other Contraband | 6 | Attachments | |
| C. Contraband/Evidence Storage Area | 3 | VI. Disposition of Contraband | 7 | A. Evidence Log Stamp | 10 |
| | | A. "Serious/Dangerous" Contraband/Evidence | 7 | B. Contraband/Evidence Photograph Card | 11 |
| | | B. Other Contraband | 7 | C. Contraband Processing Flowchart | 12 |

I.  **PURPOSE**: The purpose of this directive is to ensure consistent handling and disposition for all confiscated contraband and collected evidence.

II.  **POLICY**

A.  Responsibility

1.  The Superintendent shall establish procedures consistent with this policy to ensure the appropriate control, handling, and disposition of contraband/evidence within the facility.

2.  The Deputy Superintendent for Security or equivalent shall be responsible for the contraband/evidence management program. An Evidence Control Supervisor will be appointed by the Deputy Superintendent for Security or equivalent and will have direct operational oversight of all contraband/evidence lockers and control areas.

3.  The Deputy Superintendent for Security may designate an alternate Evidence Control Supervisor as approved by the Superintendent to cover vacation periods and vacancies as appropriate.

B.  Evidence Control Supervisor

1.  The Evidence Control Supervisor shall not extend below the rank of Captain at maximum and medium security facilities or the rank of Lieutenant at minimum security facilities.

2.  The Evidence Control Supervisor shall maintain the secure evidence locker and evidence drop box exclusively; having direct oversight of the general contraband locker and evidence control area.

3.  The presence of the Evidence Control Supervisor, or appropriate Security Supervisor as described within this policy as approved by the Deputy Superintendent for Security or equivalent, is required during the deposit or removal of evidence/contraband from the secure evidence locker, secure evidence drop box, or the evidence control area (see Section III-C-2 of this directive). The Evidence Control Supervisor is also responsible for the following:

a. With the approval of the Deputy Superintendent for Security or equivalent, the Evidence Control Supervisor designating a subordinate supervisor to assist in the management of the **general contraband locker and evidence control area**, e.g., Disciplinary, or Administrative Lieutenant, or the Watch Commander (after hours).

b. Ensuring appropriate supplies related to the photographing, marking, and packaging of contraband/evidence is available for processing staff.

Note: Specific vendor information related to the purchase of evidence storage bags/boxes can be obtained from the Department system bulletin board under "SECEQUIP."

c. Ensuring all procedures as outlined within this policy related to evidence collection, classification, reporting, storage, and disposition are being followed.

d. Being the point of contact with local or State Police regarding the disposition of all contraband and drug paraphernalia.

e. Inspecting at least quarterly, all contraband/evidence storage lockers/areas to check inventories and ensuring that: proper procedures are being followed, items no longer necessary or appropriate to be retained are purged, and the disposition of all contraband is thoroughly documented in accordance with this policy for logging, storage, and disposition. A memorandum detailing this inspection and any noted discrepancies will be forwarded to the Deputy Superintendent for Security or equivalent for review.

## III.   DEFINITIONS: CONTRABAND/CLASSIFICATION OF CONTRABAND

A.   Contraband means any article

1. Possession of which is prohibited under any law applicable to the general public;

2. Which is readily capable of being used to cause death or serious physical injury including, but not limited to, handguns, long guns, knives, ammunition, explosives, or dangerous drugs (e.g., narcotics);

3. Which could be utilized to assist or effect an escape or undermine the safety and security systems and/or practices consistent with the Department mission such as unauthorized electronic devices (e.g., cellular telephones, etc.);

4. Which has been introduced into a correctional facility with the intent to transfer an item to an inmate without permission of the Superintendent or designee; or

5. Which is an approved item but has been altered from its original intent and/or purpose.

B.   Types of Contraband/Evidence: Contraband/evidence that is recovered within a correctional facility will be categorized within two distinct categories as described below.

1. "Serious/dangerous" contraband/evidence means any article:

a. Of which possession is prohibited under any law applicable to the general public;

b. Which is readily capable of being used to cause death or serious physical injury including, but not limited to, firearms (including "zip" guns), ammunition, cartridges, knives, etc.;

**\*\*Note: Live ammunition shall be stored in the facility arsenal in a location designated by the Deputy Superintendent for Security.\*\***

    c.   Which is considered a dangerous drug (including narcotics), controlled substance, or marijuana;

    d.   Which may have been used in the commission of a crime or considered to be potential evidence in a criminal proceeding; and/or

    e.   Which could be utilized to assist in or effect an escape, or in any way undermine the safety and security of the facility or Department.

  2.  "General" contraband/evidence means any article:

    a.   Which is possessed by an inmate without authorization;

    b.   Which is an approved item, but has been altered from its original intent and/or purpose;

    c.   Which is considered contraband, possessed by an inmate(s) and may be utilized as evidence at a disciplinary hearing, but where no criminal charges will be pursued. Such contraband shall be photographed or photocopied as appropriate, recorded, stored, and then disposed of upon completion of the disciplinary hearing;

    d.   Which are common area weapons, tattoo machines, etc. where possession or ownership by an inmate(s) can not be readily established should be photographed, recorded, and disposed of with the secure arsenal trash, as soon as practical; and/or

**Note: See Section VII, "General Contraband" for Handling, Storage, and Disposition.**

    e.   "Other" contraband/evidence (e.g., money, commercial/home-made alcohol, jewelry, etc.) requiring further secure handling and processing by authorized staff, as defined in this policy.

C.  Contraband/Evidence Storage Areas: The specific location of the contraband/evidence storage areas will be determined by the Deputy Superintendent for Security or equivalent, however, the secure evidence drop box will be located in the Watch Commander's or Assistant Watch Commander's office for utilization by staff after hours to secure "serious/dangerous" contraband as described in Section III-B-1 above.

**Note: The general contraband locker is not considered an evidence storage area. Therefore, no "serious/dangerous" contraband/evidence should be stored in the general contraband locker.**

  1.  All evidence storage areas will:

    a.   Be controlled utilizing both lock(s) and numbered security seal(s);

    b.   Utilize a restricted key ring which is assigned to and utilized by the Evidence Control Supervisor or appropriate authorized designee as defined in this section and whose issuance will be in accordance with Directive #4092, "Key Control;"

    c.   Utilize two person access system for entry documented in a control logbook for deposit/removal of evidence. The evidence log stamp will be utilized to ensure the accuracy of information entered into the log (see <u>Attachment A - "Evidence Log Stamp"</u>). The storage and disposition of all evidence shall be a two person system. The presence of the Evidence Control Supervisor or other appropriate Security Supervisor as designated by the Deputy Superintendent for Security or equivalent is absolute during the deposit or removal of evidence from all storage locker(s) or area(s) as defined above and throughout this policy. The process must be witnessed by a Department employee or other law enforcement representative. The employee securing/removing the evidence and the witness will print and initial their names in the appropriate areas; and

    d.   Utilize the appropriate reporting, recording/logging method as described in Reporting/Recording/Logging, Section IV, of this directive. The evidence log stamp will be utilized in all contraband/evidence storage areas to ensure the accuracy of information entered into the appropriate logbook (see <u>Attachment A "Evidence Log Stamp"</u>).

**Note: The Evidence Control Supervisor will maintain the seals and logbook for recording the seal numbers. The logbook will include seal #, date, and time issued.**

2.   Evidence Storage

    a.   Secure evidence locker: Will be utilized for storage of "serious/dangerous" contraband/evidence.

        Utilize a bin or "pigeon hole" type system (clearly labeled with an alpha-numeric organizational system), which allows for storage of items;

    b.   Secure evidence drop box: Shall be utilized as a temporary depository for "serious/dangerous" contraband/evidence, and

        (1)  It will be located in the Watch Commander or Assistant Watch Commander's Office for utilization by staff after hours to secure "serious/dangerous" contraband as described in Section III-B-1 above; and

        (2)  It will be emptied of contraband/evidence to be processed and secured in the secure evidence locker by the Evidence Control Supervisor no less than once every 72 hours.

**Note: The Watch Commander will oversee the deposit of "serious/dangerous" contraband/evidence in the secure evidence drop box; after hours/anytime the Evidence Control Supervisor is unavailable.**

    c.   Evidence control area: * Allow for secure storage of large contraband/evidence items (e.g., weight bar, baseball bat, chair, etc.) which may not be practicably stored utilizing the bin-type system in either the secure evidence locker or the general contraband locker.

**\*Note: May be the same area used to process aggravated harassment evidence. All aggravated harassment evidence will be processed in accordance with Directive #4931, "Aggravated Harassment of an Employee by an Inmate."**

| | STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION **DIRECTIVE** | TITLE **Contraband/Evidence - Handling, Storage, and Disposition** | NO. 4910A |
|---|---|---|---|
| | | | DATE 3/7/2016 |

| SUPERSEDES DIR# 4910A Dtd. 02/20/2014 | DISTRIBUTION A B | PAGES PAGE 1 OF 11 | DATE LAST REVISED |
|---|---|---|---|

| REFERENCES (Include but are not limited to) Directives #4004, #4092, #4910, #4931, and #4938 | APPROVING AUTHORITY *Joseph F. Bellnier* |
|---|---|

| Section | PG | Section | PG | Section | PG |
|---|---|---|---|---|---|
| I. Purpose | 1 | IV. Reporting/Recording/Logging | 4 | C. Money | 7 |
| II. Policy | 1 | A. Recovery | 4 | D. Contaminated Contraband | 8 |
| A. Responsibility | 1 | B. Reporting/Logging | 5 | VII. General Contraband Handling, Storage & Disposition | 9 |
| B. Evidence Control Supervisor | 1 | V. Handling of Contraband Evidence | 5 | A. Handling | 9 |
| III. Definitions | 2 | A. "Serious/dangerous" Contraband/Evidence | 6 | B. Storage | 9 |
| A. Contraband | 2 | B. General Contraband-See Section VII | 6 | C. Disposition | 9 |
| B. Types of Contraband | 2 | C. Other Contraband | 6 | Attachments | |
| C. Contraband/Evidence Storage Area | 3 | VI. Disposition of Contraband | 7 | A. Evidence Log Stamp | 10 |
| | | A. "Serious/Dangerous" Contraband/Evidence | 7 | B. Contraband/Evidence Photograph Card | 11 |
| | | B. Other Contraband | 7 | C. Contraband Processing Flowchart | 12 |

**I.**   **PURPOSE**:  The purpose of this directive is to ensure consistent handling and disposition for all confiscated contraband and collected evidence.

**II.**   **POLICY**

A.   Responsibility

1.   The Superintendent shall establish procedures consistent with this policy to ensure the appropriate control, handling, and disposition of contraband/evidence within the facility.

2.   The Deputy Superintendent for Security or equivalent shall be responsible for the contraband/evidence management program.  An Evidence Control Supervisor will be appointed by the Deputy Superintendent for Security or equivalent and will have direct operational oversight of all contraband/evidence lockers and control areas.

3.   The Deputy Superintendent for Security may designate an alternate Evidence Control Supervisor as approved by the Superintendent to cover vacation periods and vacancies as appropriate.

B.   Evidence Control Supervisor

1.   The Evidence Control Supervisor shall not extend below the rank of Captain at maximum and medium security facilities or the rank of Lieutenant at minimum security facilities.

2.   The Evidence Control Supervisor shall maintain the secure evidence locker and evidence drop box exclusively; having direct oversight of the general contraband locker and evidence control area.

3.   The presence of the Evidence Control Supervisor, or appropriate Security Supervisor as described within this policy as approved by the Deputy Superintendent for Security or equivalent, is required during the deposit or removal of evidence/contraband from the secure evidence locker, secure evidence drop box, or the evidence control area (see Section III-C-2 of this directive).  The Evidence Control Supervisor is also responsible for the following:

a. With the approval of the Deputy Superintendent for Security or equivalent, the Evidence Control Supervisor designating a subordinate supervisor to assist in the management of the **general contraband locker and evidence control area,** e.g., Disciplinary, or Administrative Lieutenant, or the Watch Commander (after hours).

b. Ensuring appropriate supplies related to the photographing, marking, and packaging of contraband/evidence is available for processing staff.

Note: Specific vendor information related to the purchase of evidence storage bags/boxes can be obtained from the Department system bulletin board under "SECEQUIP."

c. Ensuring all procedures as outlined within this policy related to evidence collection, classification, reporting, storage, and disposition are being followed.

d. Being the point of contact with local or State Police regarding the disposition of all contraband and drug paraphernalia.

e. Inspecting at least quarterly, all contraband/evidence storage lockers/areas to check inventories and ensuring that: proper procedures are being followed, items no longer necessary or appropriate to be retained are purged, and the disposition of all contraband is thoroughly documented in accordance with this policy for logging, storage, and disposition. A memorandum detailing this inspection and any noted discrepancies will be forwarded to the Deputy Superintendent for Security or equivalent for review.

## III. DEFINITIONS: CONTRABAND/CLASSIFICATION OF CONTRABAND

A. Contraband means any article

1. Possession of which is prohibited under any law applicable to the general public;

2. Which is readily capable of being used to cause death or serious physical injury including, but not limited to, handguns, long guns, knives, ammunition, explosives, or dangerous drugs (e.g., narcotics);

3. Which could be utilized to assist or effect an escape or undermine the safety and security systems and/or practices consistent with the Department mission such as unauthorized electronic devices (e.g., cellular telephones, etc.);

4. Which has been introduced into a correctional facility with the intent to transfer an item to an inmate without permission of the Superintendent or designee; or

5. Which is an approved item but has been altered from its original intent and/or purpose.

B. Types of Contraband/Evidence: Contraband/evidence that is recovered within a correctional facility will be categorized within two distinct categories as described below.

1. "Serious/dangerous" contraband/evidence means any article:

a. Of which possession is prohibited under any law applicable to the general public;

b. Which is readily capable of being used to cause death or serious physical injury including, but not limited to, firearms (including "zip" guns), ammunition, cartridges, knives, etc.;

**\*\*Note: Live ammunition shall be stored in the facility arsenal in a location designated by the Deputy Superintendent for Security.\*\***

   c.   Which is considered a dangerous drug (including narcotics), controlled substance, or marijuana;

   d.   Which may have been used in the commission of a crime or considered to be potential evidence in a criminal proceeding; and/or

   e.   Which could be utilized to assist in or effect an escape, or in any way undermine the safety and security of the facility or Department.

2.   "General" contraband/evidence means any article:

   a.   Which is possessed by an inmate without authorization;

   b.   Which is an approved item, but has been altered from its original intent and/or purpose;

   c.   Which is considered contraband, possessed by an inmate(s) and may be utilized as evidence at a disciplinary hearing, but where no criminal charges will be pursued. Such contraband shall be photographed or photocopied as appropriate, recorded, stored, and then disposed of upon completion of the disciplinary hearing;

   d.   Which are common area weapons, tattoo machines, etc. where possession or ownership by an inmate(s) can not be readily established should be photographed, recorded, and disposed of with the secure arsenal trash, as soon as practical; and/or

**Note: See Section VII, "General Contraband" for Handling, Storage, and Disposition.**

   e.   "Other" contraband/evidence (e.g., money, commercial/home-made alcohol, jewelry, etc.) requiring further secure handling and processing by authorized staff, as defined in this policy.

C.  Contraband/Evidence Storage Areas: The specific location of the contraband/evidence storage areas will be determined by the Deputy Superintendent for Security or equivalent, however, the secure evidence drop box will be located in the Watch Commander's or Assistant Watch Commander's office for utilization by staff after hours to secure "serious/dangerous" contraband as described in Section III-B-1 above.

**Note: The general contraband locker is not considered an evidence storage area. Therefore, no "serious/dangerous" contraband/evidence should be stored in the general contraband locker.**

1.   All evidence storage areas will:

   a.   Be controlled utilizing both lock(s) and numbered security seal(s);

   b.   Utilize a restricted key ring which is assigned to and utilized by the Evidence Control Supervisor or appropriate authorized designee as defined in this section and whose issuance will be in accordance with Directive #4092, "Key Control;"

    c.   Utilize two person access system for entry documented in a control logbook for deposit/removal of evidence. The evidence log stamp will be utilized to ensure the accuracy of information entered into the log (see <u>Attachment A - "Evidence Log Stamp"</u>). The storage and disposition of all evidence shall be a two person system. The presence of the Evidence Control Supervisor or other appropriate Security Supervisor as designated by the Deputy Superintendent for Security or equivalent is absolute during the deposit or removal of evidence from all storage locker(s) or area(s) as defined above and throughout this policy. The process must be witnessed by a Department employee or other law enforcement representative. The employee securing/removing the evidence and the witness will print and initial their names in the appropriate areas; and

    d.   Utilize the appropriate reporting, recording/logging method as described in Reporting/Recording/Logging, Section IV, of this directive. The evidence log stamp will be utilized in all contraband/evidence storage areas to ensure the accuracy of information entered into the appropriate logbook (see <u>Attachment A "Evidence Log Stamp"</u>).

**Note: The Evidence Control Supervisor will maintain the seals and logbook for recording the seal numbers. The logbook will include seal #, date, and time issued.**

2.   Evidence Storage

    a.   Secure evidence locker: Will be utilized for storage of "serious/dangerous" contraband/evidence.

        Utilize a bin or "pigeon hole" type system (clearly labeled with an alpha-numeric organizational system), which allows for storage of items;

    b.   Secure evidence drop box: Shall be utilized as a temporary depository for "serious/dangerous" contraband/evidence, and

        (1)  It will be located in the Watch Commander or Assistant Watch Commander's Office for utilization by staff after hours to secure "serious/dangerous" contraband as described in Section III-B-1 above; and

        (2)  It will be emptied of contraband/evidence to be processed and secured in the secure evidence locker by the Evidence Control Supervisor no less than once every 72 hours.

**Note: The Watch Commander will oversee the deposit of "serious/dangerous" contraband/evidence in the secure evidence drop box; after hours/anytime the Evidence Control Supervisor is unavailable.**

    c.   Evidence control area: * Allow for secure storage of large contraband/evidence items (e.g., weight bar, baseball bat, chair, etc.) which may not be practicably stored utilizing the bin-type system in either the secure evidence locker or the general contraband locker.

**\*Note: May be the same area used to process aggravated harassment evidence. All aggravated harassment evidence will be processed in accordance with Directive #4931, "Aggravated Harassment of an Employee by an Inmate."**

## IV.  REPORTING/RECORDING/LOGGING

A.  The first Officer to possess the contraband/evidence is considered the Recovering Officer and whenever practical shall be responsible to transport and record the contraband/evidence to the Evidence Control Supervisor, or designee, as soon as practical.  Note: All logs shall be maintained in a bound book containing press-numbered pages.

1.  When practical the contraband/evidence shall remain in the possession of the Recovering Officer until its final securing in the secure evidence locker or evidence drop box to prevent any unnecessary expansion of the chain-of-custody and to protect the integrity of the evidence.

2.  The contraband/evidence shall be photographed using a digital camera, demonstrating scale in the photographs by means of a standard fixed item (e.g., ruler or coin).

3.  A Contraband/Evidence Photograph Card shall be completed and photographed with the following information; description of item, date and time of recovery, inmate name and DIN if applicable, recovered by, photographed by, and Unusual Incident or contraband number if applicable (see Attachment B, "Contraband/Evidence Photograph Card").

4.  The photographer must use a flash no matter what existing light is available.

5.  The contraband/evidence should be centered in the view finder and occupy 75% of the view finder.

6.  A minimum of four sets of photographs will be produced and distributed as follows; one to the Watch Commander for inclusion in the Unusual Incident Report packet (if applicable), one copy with the Misbehavior Report (if applicable), one copy to the Evidence Control Supervisor, and one copy for line-up and training purposes.

    Suspected contraband drugs should be surrendered to a Testing Officer when necessary.  The contraband/evidence must be carefully controlled with chain-of-custody and testing documentation (see Directive #4938, "Contraband Drug Testing").  The Testing Officer, upon taking possession for testing purposes, will then become responsible for proper securing of any remaining contraband/evidence (post-testing) in the secure evidence locker or evidence drop box (see Section III-C-2 of this directive).

Note:  Every effort should be made to test suspect drug(s) or drug paraphernalia by a certified tester prior to securing them as contraband/evidence.  If no tester is available contraband/evidence shall be appropriately stored in the secure evidence drop box as indicated above or the secure evidence locker until such testing can be accomplished.

B.  Reporting: All recovery of contraband, serious/dangerous or otherwise, shall be reported by means of completion of one or more of the following written records based on identification and definition (see Directive #4910, "Control of & Search for Contraband," Recording/Logging Attachment).

### Recording/Logging
### Facility Evidence Control Number and Log

All contraband/evidence requiring storage in the evidence drop box, secure evidence locker, or evidence control area shall be assigned a facility evidence control number. This number will be the electronic number assigned by the contraband reporting system and/or as an unusual incident. This number will be recorded by the facility Watch Commander in a log maintained within the Watch Commander's office, whereby each item/article of contraband/evidence shall be logged with the following information; date/time of recovery, recovering persons name and rank/title, inmate or person recovered from if applicable, location/area where recovered, and storage locker/area designated.

The evidence log stamp will be utilized in logbooks in all contraband/evidence storage areas and will contain the following information: (See Attachment A, "Evidence Log Stamp")

1.  Evidence control log number will be the number assigned by the electronic contraband reporting system, and/or Unusual Incident number;

2.  Date evidence secured;

3.  Name, DIN, and locking/housing location of inmate(s) involved;

4.  Facility General Contraband Log#, if applicable;

5.  Description of evidence/box or bin location;

6.  Printed name of employee securing evidence and initial;

7.  Watch Commander's or supervisor's printed name and initial as witness (all transactions must be witnessed);

8.  Printed name of BCI Investigator, or Law Enforcement (LE) Representative, and initial, if applicable;

9.  Date, time, reason for removal, and print name of person removing evidence, and initial;

10. Date, time, print name of person returning evidence, and initial;

11. Date, time, print name of person destroying evidence, and initial;

12. Method of disposal (i.e., destroyed, returned, or transferred);

13. Transferred evidence, date, time, receiving agents printed name, signature, badge number/agency; and

14. Notes/Special instructions/Circumstances.

**Note:  All contraband/evidence which is retained, regardless of storage locker or area, shall be logged in this manner.**

## V.  HANDLING OF CONTRABAND EVIDENCE

The "Contraband Processing Flowchart," Attachment C, has been attached to this directive to provide staff with a quick reference guide to help ensure consistent and efficient processing of contraband items.

The Watch Commander shall carefully evaluate contraband and evidence to determine if the item(s) is to be designated "serious/dangerous" contraband/evidence, "general," or "other," and to ensure the item(s) are secured in either the secure evidence drop box or the general contraband locker.

When contraband is discovered or recovered by staff, notification will be made to a Security Supervisor as soon as possible.

A.   "Serious/Dangerous" Contraband/Evidence:  It is imperative that staff not contaminate or alter the contraband/evidence in any way.  Items or articles which are part of a crime scene and or criminal investigation should remain untouched and secured within the crime scene area, whenever practical, and should be processed by trained law enforcement personnel or Department of Corrections and Community Supervision staff in accordance with the provisions established in Directive #4931, "Aggravated Harassment of an Employee by an Inmate."  Contamination or alteration can be minimized or eliminated by the following:

1.   Use of suitable, uncontaminated storage containers (e.g., knife boxes, plastic or paper evidence bags, etc.);

2.   Use of separate containers to package individual items;

3.   Minimal handling of the contraband/evidence;

4.   Use of latex/rubber gloves when handling contraband/evidence and changing of gloves between handling each separate item; and

5.   Ensuring that evidence which may contain body fluids or moisture is packaged in paper container(s) (NOT plastic) and allowed to naturally air dry when possible, to preserve any "DNA" evidence.

B.   "General" Contraband: See Section VII - GENERAL CONTRABAND: HANDLING, STORAGE AND DISPOSITION

C.   "Other" Contraband

1.   Money: When found on the inmate, or sewn in the clothing of an inmate, or if found in the cell (room), the inmate is to be questioned as to ownership:

a.   If the inmate disclaims ownership, he/she shall sign a disclaimer.  Any other report deemed appropriate shall be completed.  The money shall be sufficiently labeled and then turned over to the Fiscal Office for safe keeping.

b.   If the inmate refuses to sign the disclaimer, the staff witness to the refusal shall record the refusal for documentation purposes.

c.   If the inmate acknowledges ownership, a Misbehavior Report must be filed.  The money is to be sufficiently labeled and then turned over to the Fiscal Office for safe keeping.

d.   If, after investigation, the ownership does appear to be the inmate's, a Superintendent's Hearing (Tier III) shall be conducted.  Money confiscated by disposition of the Tier III proceeding will be turned over to the Crime Victim's Fund.

Note:  In accordance with Directive #4004, "Unusual Incident Report," all serial numbers and denominations shall be included in the corresponding Unusual Incident Report.

2. Anonymously received money: Cash, checks, or money orders received via mail or package will be confiscated, labeled, and forwarded to the Fiscal Office for safekeeping. An investigation shall be conducted in an attempt to verify the source.

3. Alcohol: Once a Sergeant or higher ranking supervisor has evaluated any suspected alcohol or alcohol producing substance and has prepared or caused to be prepared the necessary documentation to support a misbehavior report, the alcohol or substance can be destroyed.

4. Other Items with value: Non-Contaminated items with value; i.e., jewelry, etc., will be stored in the secure evidence storage locker or other area designed by the Deputy Superintendent for Security.

## VI. DISPOSITION OF CONTRABAND

### A. "Serious/Dangerous" Contraband/Evidence

1. The Evidence Control Supervisor will inspect, at least quarterly, all contraband/evidence storage lockers/areas to check inventories and ensure that: proper procedures are being followed, items no longer necessary or appropriate to be retained are purged, and the disposition of all contraband is thoroughly documented in accordance with this policy for logging, storage, and disposition. A memorandum detailing this inspection and any noted discrepancies will be forwarded to the Deputy Superintendent for Security or equivalent for review.

2. The written report shall include the results of the inventory along with a statement explaining overall compliance with the procedures outlined in this directive.

3. Annually on January 10, copies of the quarterly reports shall be sent to Special Operations for review, comment, and retention by the Department's Technical Security Specialist (TSS) or designee. Upon review by the TSS or designee, if discrepancies are found, the facility Superintendent will be notified and advised of the corrective action that is required. If corrective action is required, notification of compliance will be sent to the TSS or designee within 14 days.

4. Each facility Superintendent shall establish a point of contact with the New York State Police or local law enforcement agency, whereby an agreement is in place for the surrender/disposal of contraband drugs and drug paraphernalia no less than semi-annually or more frequently if necessary. Such surrender must be noted in the evidence control area logbook and on any pertinent chain-of-custody evidence. A receipt must be obtained and retained by the Evidence Control Supervisor.

   **Note: In the event a facility is unable to contact the State Police or local law enforcement for the removal of contraband drugs or drug paraphernalia, the Department's Office of Special Investigations shall be contacted for directions.**

5. Disposition/destruction of "serious/dangerous" contraband/evidence shall only occur:

   a. Upon determination that final adjudication of any associated criminal prosecution proceeding has been reached;

   b. Upon the express written permission of the Deputy Superintendent for Security or equivalent; and

   c.   When performed in accordance with established law enforcement and/or medical guidelines.

**Note: The two person access system must be utilized when accessing the "serious/dangerous" contraband room/locker in all areas where contraband/evidence is stored.**

B.   "Other" Contraband/Evidence:  The disposition of "other" contraband/evidence can be authorized by the Deputy Superintendent for Security or higher.  This authorization will be documented and recorded in the inmate's record/file.  Destruction will be used as the least preferred option.

C.   Money

   1.   Money confiscated from an inmate, or their property, or cell:

     a.   If, after investigation, the ownership **does not** appear to be the inmate's, appropriate disciplinary proceedings shall be conducted.  Monies shall be turned over to the State Treasury as miscellaneous receipts on an AC-3312 form.

     b.   If, after investigation, the ownership **does** appear to be the inmate's, appropriate disciplinary proceedings shall be conducted.  Money confiscated by disposition of the Tier III proceedings will be turned over to the Crime Victim's Fund.

   2.   Anonymously received money:  If, after proper investigation, no source is identified, the monies will be turned over to the State Treasurer as miscellaneous receipts on an AC-3312 form.

D.   Disposition of Contaminated Contraband:  When contraband is confiscated from an inmate's body cavity, or there is suspicion that the contraband is from a body cavity, the contraband shall be considered contaminated and universal precautions must be followed.  The contraband shall be placed in an evidence bag and shall be properly labeled as "contaminated," and stored and processed in accordance with Section III of this directive and the following guidelines:

   •   The inmate will receive a Misbehavior Report and an Unusual Incident Report will be filed, if applicable; and

   •   The confiscated, contaminated contraband must be photographed.

   1.   Money Procedures

     a.   If the contaminated contraband is money, the value must be determined and noted within the Misbehavior Report and any additional or investigative reports as necessary.  The inmate shall be informed that he or she will not be reimbursed, nor will his or her account be credited for the value of the contraband.  All photos and reports must be sent to the Deputy Superintendent for Security.

b. The plastic evidence bag containing the contaminated money will then be placed in a manila envelope with the following wording on the outside of the envelope, "*Special Handling-Contaminated Currency*." If the contaminated money is obtained during non-Business Office hours, the funds should be held for safekeeping in the facility secure evidence drop box. During regular Business Office hours, the envelope will be delivered to the facility Steward who will ensure that the currency is receipted and delivered to the bank for deposit into the facility miscellaneous receipts account. A separate deposit ticket providing the breakdown of the currency by denomination, a note stating the currency was confiscated from an inmate's body cavity, and the facility name, address, date, and time should accompany the envelope. A check payable to the Commissioner of Taxation & Finance, in the amount of the contaminated money, will be sent to the State Treasury with the appropriate Form AC-3312.

2. Jewelry Procedures

a. Contaminated jewelry will be placed in a plastic evidence bag which will then be placed in a manila envelope with the following wording on the outside of the envelope, "*Special Handling-Contaminated Jewelry*." Contaminated jewelry will be stored in the secure evidence locker. During the month of January, the Superintendent will notify the Deputy Commissioner for Correctional Facilities, via e-mail, if they have any items that need to be disposed of. The Deputy Commissioner will make the necessary arrangements for the proper disposal.

b. The Department's Fire/Safety Coordinator, or their designee, will contact the facility Superintendent via e-mail, and arrange for delivery of the items to a designated secure storage area.

c. The Evidence Control Supervisor will log each item out of the facility's contraband storage area and when the item(s) is turned over to Central Office, a receipt listing each item must be provided.

d. Central Office will maintain a logbook, recording the sending facility, item, date received, received from (staff member transporting the item), received by (staff member securing the item), and the time received.

e. Once all reported items are received in Central Office, Central Office staff will make arrangements with Elmira Correctional Facility, via the Superintendent, to have the items destroyed at the Elmira Foundry.

f. Assigned staff from Central Office will log the items out of storage and serve as personal witnesses for the destruction of all items at the Elmira Foundry.

3. Drug Procedures: Contaminated drugs will be secured within the facility secure evidence locker area, placed in an evidence bag, shall be properly labeled as "contaminated," and shall be disposed of in accordance with Section VI-A of this directive.

## VII. GENERAL CONTRABAND: HANDLING, STORAGE AND DISPOSITION

A. Handling

1. General contraband shall be delivered to and secured in the general contraband locker designated by the Deputy Superintendent for Security.

   2. Utilize two person access system for entry documented in a control logbook for deposit/removal of evidence. The evidence log stamp will be utilized to ensure the accuracy of information entered into the log (see <u>Attachment A, "Evidence Log Stamp"</u>). The storage and disposition of all evidence shall be a two person system.

   3. General contraband shall be available to authorized staff members for review prior to a Disciplinary Hearing.

   4. The general contraband control log number shall be sequential, ending with the year, and the four digit entry, e.g., XX1-2009.

   5. Photographs/photocopies shall be substituted, whenever possible, for use at disciplinary hearings and retained with the Unusual Incident, UOF, and Misbehavior Report packets.

B. <u>Storage</u>

   1. General contraband locker: Will be utilized to store contraband/evidence that may be used in a disciplinary hearing, where no criminal charges will be pursued, e.g., items found during cell or cube frisk, extra State issue clothing, tattoo machines, altered lamps, altered tape players, or other inmate personal property.

   2. A bin or "pigeon hole" system should be utilized (clearly labeled with an alphanumeric organizational system), which allows for storage of items.

C. <u>Disposition</u>

   1. Disposition/destruction of "general" contraband pertinent to a disciplinary proceeding shall be disposed of as recommended by the Hearing Officer at the conclusion of the disciplinary proceedings in accordance with Department policy.

   All contraband no longer requiring retention shall be destroyed or disposed of quarterly or more frequently as necessary by the Evidence Control Supervisor or designee in accordance with established procedures and those described in this Section.