UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

J'KENDRIC JIRELLE AGEE,

                                        Plaintiff,

        v.                                                      9:19-CV-0057
                                                                (BKS/ATB)

MITCHELL, et al.,

                                        Defendants.
_____

APPEARANCES:

J'KENDRIC JIRELLE AGEE
Plaintiff, pro se
1570 Buffalo Ave.
Niagara Falls, NY 14303

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

        Pro se plaintiff J'kendric Jirelle Agee ("plaintiff") commenced this civil rights action

pursuant to 42 U.S.C. § 1983 ("Section 1983") on or about January 16, 2019.  *See* Dkt. Nos.

1-4.  Pursuant to a Decision and Order issued by the Court on October 10, 2019 ("October

Order"), the Court accepted plaintiff's amended complaint for filing pursuant to 28 U.S.C. §

1915 and 28 U.S.C. § 1915A only to the extent that it asserted the following causes of action:

(1) Eighth Amendment excessive force and failure to intervene claims against two

defendants, (2) First Amendment retaliation claims asserted against three defendants, and

(3) Fourteenth Amendment equal protection claim against one defendant.  Dkt. No. 16 ("Oct.

Order") at 13.[1]

Currently pending before the Court is plaintiff's motion for an injunction staying state court proceedings pursuant to 28 U.S.C. § 2283. Dkt. No. 15 ("Inj. Mtn."). For the reasons set forth below, plaintiff's motion is denied.

## II.    DISCUSSION

Section 2283 of Title 28 of the United States Code, which is also known as the federal anti-injunction statute, provides as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283; *see also Mitchum v. Foster*, 407 U.S. 225, 226 (1972). Any injunction against a state court proceeding must be based on one of the specific statutory exceptions. *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286-97 (1970). While Section 1983 constitutes an "expressly authorized Act of Congress" for purposes of the federal anti-injunction statute, *Mitchum*, 407 U.S. at 242-43, federal court intervention is not permitted in light "of the national policy forbidding federal courts to stay or enjoin pending state court proceedings *except under special circumstances*." *Younger v. Harris*, 401 U.S. 37, 41 (1971) (emphasis added). The Supreme Court has identified the following three categories of "exceptional circumstances": (1) "where irreparable injury is both great and immediate," (2) "where the state law is flagrantly and patently violative of express constitutional prohibitions," or (3) "where there is a showing of bad faith, harassment, or other

---

[1] The page numbers cited to in this Decision and Order correspond with those generated by the Court's electronic filing system.

unusual circumstances that would call for equitable relief." *Mitchum*, 407 U.S. at 230

(internal quotation marks and alterations omitted); *see also Perez v. Ledesma*, 401 U.S. 82,

85 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials

in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary

circumstances where irreparable injury can be shown is federal injunctive relief against state

prosecutions appropriate.").  With respect to the first category, the movant must face injury

that is more than "that incidental to every criminal proceeding brought lawfully and in good

faith." *Younger*, 401 U.S. at 49.  Moreover, the moving party must be able to demonstrate

that his constitutional rights cannot adequately be addressed in state court.  *See id.* at 49

(deciding that the appellee was not entitled to an injunction because, *inter alia*, the state

court proceeding provided him "an opportunity to raise his constitutional claims").

     In this case, plaintiff asks the Court to stay "his direct appeal and his appeal of the

<u>N.Y. C.P.L.R. § Article 78</u>."  Inj. Mtn. at 20.  Plaintiff's motion papers otherwise do not provide

any description of those state court proceedings, including the basis or any context for them.

*Id.*  In the absence of any description of the state court proceedings, the Court does not have

sufficient information to determine whether the circumstances qualify as "extraordinary,"

"special," or "unusual" that may permit the Court to intervene.  *Mitchum*, 407 U.S. at 230;

*Younger*, 401 U.S. at 41.  In any event, plaintiff's motion does not set forth sufficient

allegations that the state court proceedings risk irreparable harm to plaintiff or that plaintiff

cannot defend his constitutional rights in those state court proceedings.

     To the extent that plaintiff's motion could be construed as a request to review plaintiff's

criminal conviction in state court, the *Younger* abstention applies, barring intervention from

3

this Court. In particular, the Second Circuit has explained this doctrine as follows:

> *Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims.

*Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). Based on the information provided in plaintiff's motion papers, it appears that each of the foregoing prongs is satisfied in this case. First, plaintiff alleges that he has an appeal pending in state court, Inj. Mtn. at 20. Second, assuming that appeal challenges his state court criminal conviction of first-degree making/possessing dangerous contraband in prison in violation of New York State penal law, an important state interest is implicated. Third, plaintiff acknowledges that those state court proceedings provide him with adequate opportunity to defend his constitutional rights. *See id.* at 20 ("It is significant that your Plaintiff has state remedies available[.]").

Finally, any request by plaintiff for the Court to review his state court criminal conviction generally is adjudicated in a habeas corpus proceeding. Setting aside the fact that plaintiff has not filed a petition for a writ of habeas corpus in this Court, and the fact that this action does not involve habeas relief whatsoever, convicted inmates are entitled to habeas corpus relief only, *inter alia*, after they have exhausted all of their state court remedies. 28 U.S.C. § 2254; *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001). Because plaintiff's motion in this case makes clear that he has an appeal pending in state court, it appears that plaintiff has not exhausted his state court remedies. Accordingly, based on the allegations in plaintiff's motion, it appears that he is barred from seeking habeas relief from this Court at this juncture.

4

Because, as discussed above, plaintiff has not demonstrated any basis for relief under 28 U.S.C. § 2283, his motion for an injunction staying state court proceedings is denied.[2]

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for an injunction (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** the Clerk shall serve on plaintiff by regular mail a copy of this Decision and Order, as well as any unreported cases to which this Decision cites.

**IT IS SO ORDERED.**

Dated:  November 12, 2019

Brenda K. Sannes
U.S. District Judge

---

[2]  Plaintiff's motion, without any analysis, also declares that plaintiff is "entitled to a three-judge court pursuant to [28] U.S.C. § 2284." Inj. Mtn. at 1.  That statute provides, in pertinent part, as follows:

> A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

28 U.S.C. § 2284(a).  "When an application for a three-judge panel is presented to the district court, the court must determine whether constitutional claim is substantial; whether the complaint alleges a basis for equitable relief; and whether the cases as presented otherwise comes within the statutory requirements." *Yagan v. Dougherty*, No. 10-CV-0528, 2010 WL 2594790, at *6 (N.D.N.Y. June 9, 2010) (citing cases).  In this case, plaintiff's passing reference to 28 U.S.C. § 2284 does not provide the Court with any basis for granting his request to convene a three-judge panel on any question presented to this Court.  Accordingly, the request is denied.