UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

J'KENDRIC JIRELLE AGEE,

                        Plaintiff,

     v.                                                     9:19-CV-0057
                                                                  (BKS/ATB)

MITCHELL, et al.,

                        Defendants.
_____

APPEARANCES:

J'KENDRIC JIRELLE AGEE
Plaintiff, pro se
1570 Buffalo Ave.
Niagara Falls, NY 14303[1]

HON. LETITIA A. JAMES                     AIMEE COWAN, ESQ.
New York State Attorney General          Assistant Attorney General
Attorney for Defendants Mitchell and Vincent
The Capitol
Albany, NY 12224

OFFICE OF FRANK W. MILLER            FRANK W. MILLER, ESQ.
Attorneys for Defendant Wade              CHARLES C. SPAGNOLI, ESQ.
6575 Kirkville Rd.
East Syracuse, NY 10357

BRENDA K. SANNES
United States District Judge

---

[1] On December 9, 2019, the Clerk of the Court received a phone call from plaintiff, who stated that he has a new address. The Clerk informed plaintiff that he must submit to the Court a written notice of his change of address. The Court then issued a text order directing plaintiff to file a completed change of address form to the Court within 30 days. Dkt. No. 38. Because the Court has not received written notice of plaintiff's change of address, this Decision and Order does not reflect plaintiff's new address as provided to the Clerk over the phone. The Clerk of the Court, however, is respectfully directed to mail a copy of this Decision and Order to plaintiff at both his old and new addresses by regular mail.

**DECISION AND ORDER**

**I.   INTRODUCTION**

Pro se plaintiff J'kendric Jirelle Agee ("plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983 on or about January 16, 2019.  *See* Dkt. No. 1.  On October 10, 2019, the Court accepted plaintiff's amended complaint for filing pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A with respect to three claims asserted against five defendants and dismissed the remaining claims.  Dkt. No. 16 ("October Order") at 13.  On November 12, 2019, the Court issued a Decision and Order denying plaintiff's motion for relief under 28 U.S.C. § 2283 and 28 U.S.C. § 2284.  Dkt. No. 24 ("November Order") at 5.

Currently pending before the Court are plaintiff's motions for reconsideration of both the October and November Orders.  Dkt. Nos. 20, 37.  Also pending before the Court are two further submissions from plaintiff.  Dkt. Nos. 21, 22.  The Court construes one of those submissions as a notice of appeal of this Order and the November Order.  Dkt. No. 21.  The second submission is a request to proceed in forma pauperis ("IFP") on appeal.  Dkt. No. 22.

**II.   DISCUSSION**

    **A.   Plaintiff's Motions for Reconsideration**

        **1. Legal Standard Governing Motions for Reconsideration**

Plaintiff's motions implicate Rule 7.1(g) of the Local Rules of Practice for this Court, which provides, in pertinent part, as follows:

> **Motion for Reconsideration.** Unless Fed. R. Civ. P. 60 otherwise governs, a party may serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree.  All motions for reconsideration shall conform with the requirements set forth in

> L.R. 7.1(a)(1) and (2) . . . . The Court will decide motions for
> reconsideration or reargument on submission of the papers,
> without oral argument, unless the Court directs otherwise.

N.D.N.Y. L.R. 7.1(g) (emphasis in original).[2]  In this district, reconsideration of an order entered by the Court is appropriate upon a showing of "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R.1, 3 (N.D.N.Y. 1995); *see also Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 244 (N.D.N.Y. 2002); *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000).

The benchmark for seeking reconsideration of a court's order has been described as demanding. *In re C-TC 9th Ave. P'ship*, 182 B.R. at 2.  A motion for reconsideration is not a vehicle through which a losing party may raise arguments that could have been presented earlier but for neglect, nor is it a device "intended to give an unhappy litigant one additional chance to sway the judge." *Brown v. City of Oneonta, N.Y.*, 858 F. Supp. 340, 342 (N.D.N.Y. 1994) (internal quotation marks omitted).  To qualify for reconsideration, "[t]he moving party [must] point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995).

---

[2] Parenthetically, Rule 60 of the Federal Rules of Civil Procedure does not apply in this case because the October and November Orders are not final.  *See* Fed. R. Civ. P. 60(b); *Kahn v. Chase Manhattan Bank, N.A.*, 91 F.3d 385, 388 (2d Cir. 1996) ("It is well-settled that an order denying leave to amend a complaint is not a final decision." (internal quotation marks and alteration omitted)); *Makas v. N.Y.S. Dep't of Motor Vehicles*, No. 97-CV-1892, 1998 WL 219588, at *1 n.1 (N.D.N.Y. Apr. 29, 1998) ("This motion for reconsideration is not made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure because [that rule] only applies to final judgments and orders."). Instead, reconsideration is properly sought under Rule 7.1(g) of the Local Rules of Practice for this Court. *Douglas v. N.Y.S. Adirondack Park Agency*, No. 10-CV-0299, 2012 WL 5364344, at *4 (N.D.N.Y. Oct. 30, 2012).

### 2. Plaintiff's Motion for Reconsideration of the Court's October Order

After carefully reviewing plaintiff's motion for reconsideration of the Court's October Order, and with due regard to plaintiff's pro se status, the Court concludes that plaintiff's motion provides no basis for granting the relief requested. Plaintiff does not cite to an intervening change in controlling legal authority that alters the Court's analysis of the amended complaint, nor does plaintiff cite new evidence now available to him that would change the Court's analysis. *See generally* Dkt. No. 20. Plaintiff's motion repeats the arguments and allegations set forth in his amended complaint, all of which the Court considered upon reviewing that pleading. *Id.* To the extent plaintiff purports to set forth new claims and/or allegations, including a conspiracy or fraud claim, the allegations and arguments set forth in the motion are without merit and borderline frivolous. Accordingly, plaintiff's motion for reconsideration of the October Order is denied.

### 3. Plaintiff's Motion for Reconsideration of the Court's November Order

After carefully reviewing plaintiff's motion for reconsideration of the Court's November Order, and with due regard for plaintiff's pro se status, the Court concludes that it does not provide any basis for granting the relief requested. Plaintiff's motion recites the factual allegations set forth in his amended complaint and original motion for relief under 28 U.S.C. § 2283 and 28 U.S.C. § 2284, and plaintiff repeats an abbreviated recitation of the legal authority he included in his original motion. *See generally* Dkt. No. 37. Plaintiff does not cite to any intervening change in the law, nor does plaintiff provide new evidence that the Court did not consider when issuing the November Order. *Id.* Because plaintiff's motion sets forth no grounds for reconsidering the November Order, it is denied.

**B.     Plaintiff's Notice of Appeal and Request to Proceed IFP on Appeal**

Plaintiff filed a submission entitled "Notice to Appeal in a Civil Case," dated October 28, 2019, and the Court received it on or about November 8, 2019.  Dkt. No. 21 ("Notice of Appeal").  The Notice of Appeal purports to be plaintiff's notice to appeal the Court's November Order, as well as this Order, which denies plaintiff's motion for reconsideration of the October Order.  *See id.*  Although plaintiff filed the Notice of Appeal before the Court issued the Orders from which he seeks to appeal, because the Court has now rendered its decisions denying plaintiff's motion for an injunction and denying plaintiff's motion for reconsideration of the October Order, the Notice of Appeal is now ripe.  Accordingly, the Clerk of the Court is respectfully directed to re-docket plaintiff's Notice of Appeal (Dkt. No. 21) as an appeal of this Order and the Court's November Orders and notify the Clerk of the Second Circuit.  Any request to join this appeal with plaintiff's appeal in *Agee v. Cuomo*, No. 19-CV-0195 (N.D.N.Y. filed Feb. 13, 2019), should be directed to the Court of Appeals.  *See* Fed. R. App. P. 3(b)(2).

Plaintiff has also filed a motion for permission to proceed IFP on appeal to the Second Circuit.  Dkt. No. 22.  "A party who was permitted to proceed [IFP] in the district-court action . . . may proceed on appeal [IFP] without further authorization."  Fed. R. App. P. 24(a)(3)(A).  Accordingly, because plaintiff has been granted IFP status in this action by the Court and it has not been revoked, plaintiff's motion to proceed IFP on appeal (Dkt. No. 22) is denied as unnecessary.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration of the October Order (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for reconsideration of the November Order (Dkt. No. 37) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall re-docket Dkt. No. 21 as a Notice of Appeal of this Order and the Court's November Order (Dkt. No. 24) and notify the Clerk of the Second Circuit; and it is further

**ORDERED** that plaintiff's motion to proceed IFP on appeal (Dkt. No. 22) is **DENIED** as unnecessary; and it is further

**ORDERED** the Clerk shall serve a copy of this Decision and Order on the parties and serve a copy of any unreported cases cited to in this Decision and Order on plaintiff.[3]

**IT IS SO ORDERED.**

Dated:  December 13, 2019

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

---

[3] As noted above, the Clerk is respectfully directed to mail a copy of this Decision and Order to plaintiff at the address listed in the caption of the action on the docket, as well as the new address provided to the Court over the phone, as reflected in the Court's text order dated December 10, 2019 (Dkt. No. 38).