UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

J'KENDRIC JIRELLE AGEE,

                          Plaintiff,

                                                  9:19-CV-57
    v.                                                   (BKS/ATB)

MR. ANDREW CUOMO, et al.,

                          Defendants.

---

J'KENDRIC JIRELLE AGEE, Plaintiff, pro se
AIMEE COWAN, Asst. Attorney General for Defendants

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

This matter has been referred to me for Report and Recommendation by the Honorable Brenda K. Sannes, United States District Judge.  On January 16, 2019, plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging that various employees of the Department of Correctional and Community Services ("DOCCS") and Cayuga County violated his constitutional rights during his confinement at Auburn Correctional Facility ("C.F.") and Cayuga County Jail. (Complaint ("Compl."), Dkt. No. 1).  By Decision and Order dated April 24, 2019, Judge Sannes dismissed several defendants and causes of action pursuant to 28 U.S.C. §§ 1915, 1915A.  (Dkt. No. 11).

On June 12, 2019, plaintiff filed an amended complaint, which Judge Sannes accepted in part for filing.  (Amended Complaint ("Am. Compl."), Dkt. No. 14; Dkt. No. 16).  Liberally construed, the surviving claims in plaintiff's amended complaint

include (1) Eighth Amendment excessive force and failure to intervene claims against defendants Correctional Officer ("C.O.") Troy Mitchell and Doe No. 9; (2) First Amendment retaliation claims against defendants Doe No. 11 and C.O. Wade; and (3) a Fourteenth Amendment equal protection claim against defendant C.O. Keith Vincent ("Vincent"). (Dkt. No. 16 at 13).

Presently before this court is defendants' motion to dismiss plaintiff's equal protection claim against C.O. Vincent. (Dkt. No. 46). Plaintiff has not filed a response to defendants' motion, however defendants filed reply papers. (Dkt. No. 52). For the reasons set forth below, I recommend that defendants' motion be denied.

## I.     Facts and Contentions

In her prior order, Judge Sannes summarized the facts as stated in plaintiff's lengthy amended complaint. (Dkt. No. 16 at 4-7). The court will briefly review the relevant facts as necessary to discuss plaintiff's equal protection claim against C.O. Vincent.

On February 28, 2016, ten days before plaintiff was scheduled to be released from DOCCS's custody, non-moving defendants C.O. Sweet and C.O. Ashby arrived at plaintiff's cell to escort him to recreation. (Am. Compl. at ¶¶ 25–26). C.O. Sweet and C.O. Ashby conducted a pat-frisk of plaintiff before "walk[ing] [him] down the company where their [sic] were several other C.O.'s [sic][,]" including C.O. Vincent. (*Id.* at ¶ 26). At that time, C.O. Vincent directed plaintiff to "put his hands behind his back." (*Id.*). When plaintiff did not immediately comply and questioned the directive, C.O. Sweet repeated the order. (*Id.*). Plaintiff complied, at which time he heard C.O.

Vincent tell non-moving defendant Lieutenant ("Lt.") Ray Vanfleet that he had found a weapon in plaintiff's boot. (*Id.* ¶ 27). Plaintiff "became very sad" when he heard what C.O. Vincent said to Lt. Vanfleet and, for that reason, was taken to the mental health unit ("MHU"). (*Id.*). C.O. Vincent subsequently prepared a misbehavior report concerning the incident, alleging that he found a "razor type weapon wrapped in black tape" in the waistband of plaintiff's pants. (Dkt. No. 14-1 at 7).

Plaintiff was thereafter criminally charged with, and prosecuted for, first-degree making/possessing dangerous contraband in prison, in violation of New York Penal Law § 205.25. (Am. Compl. at ¶¶ 35–39, 41, 44–47). Plaintiff was found guilty after a November 2016 jury trial. (*Id.* at ¶ 48).

## II.    Motion to Dismiss

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted);

3

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995).  The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

    In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference.  *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d at 72 (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment).  Finally, the court may consider matters of which judicial notice may be taken, such as public filings and administrative decisions. *See Kavowras v. New York Times, Co.*, 328 F.3d 50, 57 (2d Cir. 2003) (citing *inter alia County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 154 (S.D.N.Y. 2002) (taking judicial notice of NLRB decisions)).  *See also Combier-Kapel v. Biegelson*, 242 F. App'x 714, 715 (2d Cir. 2007) (taking judicial notice of the Impartial Hearing Officer's decision as well as certain other documents in the administrative record of an IDEA case); *In re Howard's Exp., Inc.*, 151 F. App'x 46, 48 (2d Cir. 2005) (taking judicial notice of Bankruptcy Court docket); *Caro v. Fidelity Brokerage Services, LLC*, No. 3:12-CV-1066, 2013 WL 3299708, at *6 (D. Conn. July 26, 2013) (taking judicial notice of record in prior litigation between the same parties).

**III.    Equal Protection**

    **A.    Legal Standards**

The Equal Protection Clause of the Fourteenth Amendment provides that the government shall treat all similarly-situated people alike. *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir.1995) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)); *see also City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (This constitutional provision is "essentially a direction that all persons similarly situated be treated alike.").

An equal protection claim may be pled in a number of different ways. First, "[a] plaintiff could point to a law or policy that 'expressly classifies persons on the basis of race.'" *Kisembo v. NYS Office of Children and Family Servs.*, 285 F. Supp. 3d 509, 523 (N.D.N.Y. 2018) (quoting inter alia *Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir. 2000)). Second, "a plaintiff could identify a facially neutral law or policy that has been applied in an intentionally discriminatory manner." *Id.* (quoting *Brown v. City of Oneonta, N.Y.*, 221 F.3d 329, 337 (2d Cir. 2000)) (citation omitted). Third, "[a] plaintiff could also allege that a facially neutral statute or policy has an adverse effect and that it was motivated by discriminatory animus." *Id.* at 523–24 (quoting *Floyd v. City of N.Y.*, 959 F. Supp. 2d 540, 570 (S.D.N.Y. Aug. 12, 2013)) (citation omitted). A plaintiff alleging an equal protection claim under any of these theories "generally need not plead or show the disparate treatment of other similarly situated individuals." *Pyke v. Cuomo*, 258 F.3d 107, 108–09 (2d Cir. 2001).

Alternatively, to plead an equal protection violation "a plaintiff may assert a

5

'selective enforcement' claim by showing [he was] treated differently based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Kisembo*, 285 F. Supp. 3d at 524 (internal quotations omitted) (quoting *Savino v. Town of Southeast*, 983 F. Supp. 2d 293, 301 (S.D.N.Y. 2013)). "[A plaintiff] may [also] assert a so-called 'class of one' claim by alleging that [he was] intentionally treated differently from others similarly situated and that there was no rational basis for this difference in treatment." *Id.* (internal quotations omitted) (quoting *Doe v. Village of Mamoroneck*, 462 F. Supp. 2d 520, 558 (S.D.N.Y. 2006)). The aforementioned theories of liability "require a showing of similarly situated individuals or groups who were treated differently." *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 693 (S.D.N.Y. 2011).

    **B.**    **Application**

Defendants argue that, for a number of reasons, plaintiff has failed to sufficiently plead an equal protection violation against C.O. Vincent. First, defendants maintain there is no allegation suggesting C.O. Vincent's personal involvement in violating plaintiff's right to equal protection under the Fourteenth Amendment. (Defendants' Brief ("Defs.' Br.") at 4). Defendants further contend that plaintiff has failed to allege he was treated differently from similarly situated individuals. (Defs.' Br. at 6). Last, defendants argues that plaintiff has not sufficiently pled that C.O. Vincent treated plaintiff differently due to his "membership in a suspect class, inhibited his exercise of a fundamental right, acted out of malice, or acted irrationally and arbitrarily." (Defs.'

6

Br. at 6–7).

In his amended complaint, plaintiff alleges that on February 28, 2016, C.O. Vincent falsely accused plaintiff of being in possession of a weapon. (Am. Compl. at ¶¶ 25, 27, 36). Judge Sannes liberally construed plaintiff's amended complaint to further allege that DOCCS employees, including Vincent, "planted" the weapon on plaintiff.[1] (*Id.* at ¶ 276). Plaintiff contends that these "White" DOCCS employees were planting contraband on Black and Latino inmates shortly before they were to be released from prison, with the intention of causing "irreparable damage" to their lives. (*Id.* at ¶¶ 276, 279). Although perhaps inartfully pled, plaintiff claims that non-Black and -Latino inmates at Auburn C.F. were not targeted in such a manner. Plaintiff also cites to various media publications documenting the Cayuga County District Attorney's contemporaneous investigation of Auburn C.O. Matthew Cornell,[2] regarding his alleged admission to planting a weapon on an inmate at Auburn C.F. (Dkt. No. 14-1 at 18-19, 21-22).

Plaintiff's allegations were reviewed by Judge Sannes pursuant to 28 U.S.C. §§ 1915(e), 1915A, and were "implicitly found, when construed with the lenity owing to plaintiff as a *pro se* litigant, to be sufficient to support a cause of action arising under

---

[1] Upon her initial review of plaintiff's amended complaint, Judge Sannes acknowledged that some of the allegations supporting plaintiff's equal protection claim, among others, were not identical to the allegations in the original complaint. (Dkt. No. 16 at 8).

[2] Plaintiff has not named C.O. Cornell as a defendant in the instant action.

7

[the Equal Protection Clause.]"³ *Lorick v. Stanford,* No. 9:16-CV-1002 (BKS/DEP), 2019 WL 1386794, at *6 (N.D.N.Y. Feb. 27, 2019) (report and recommendation). Plaintiff has sufficiently alleged that C.O. Vincent was involved in the incident wherein a weapon was found on plaintiff's body; a weapon that plaintiff claims was not his. Plaintiff further maintains that, on more than one occasion, correctional officers at Auburn C.F. planted weapons on non-White inmates in an effort to sabotage their impending release from incarceration. Drawing all reasonable inferences in plaintiff's favor as the nonmoving party, and construing the amended complaint liberally under the special solicitude due to the *pro se* plaintiff, the court cannot say that plaintiff has not demonstrated a plausible claim of intentional discrimination on the basis of race. *See Barnes v. Ross,* 926 F. Supp. 2d 499, 507 (S.D.N.Y. 2013) ("It may be that the facts are not as [the plaintiff] has pleaded—[. . .]—but that is not the question currently before the court on defendants' motion to dismiss."). Accordingly, it is recommended that defendants' motion be denied.

**WHEREFORE**, based on the above, it is

**RECOMMENDED**, that defendants' motion to dismiss based upon Fed. R. Civ. P. 12(b)(6) (Dkt. No. 46) be **DENIED;** and it is further

**ORDERED** that copies of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

---

³Judge Sannes observed that her decision was not a ruling on the merits, and "the court expresses no opinion as to whether those claims as asserted in the amended complaint can survive a properly filed dispositive motion." (Dkt. No. 16 at 8).

8

fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated:  March 23, 2020

*[signature: Andrew T. Baxter]*
Andrew T. Baxter
U.S. Magistrate Judge