UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

J'KENDRIC JIRELLE AGEE,

                          Plaintiff,                      9:19-cv-0057 (BKS/ATB)

v.

TROY MITCHELL, MR. KEITH E. VINCENT, II,
MRS. WADE, and JOHN DOES # 9 and # 11,

                          Defendants.
_____

**Appearances:**

*Plaintiff, pro se*
J'Kendric Jirelle Agee
7833A
Niagara County Jail
5526 Niagara Street Exd
Lockport, NY 14094

*For Defendants Mitchell and Vincent:*
Letitia James
Attorney General of the State of New York
Aimee Cowan
Assistant Attorney General
New York State Attorney General's Office
300 South State Street, Suite 300
Syracuse, NY 13202

*For Defendant Wade:*
The Law Firm of Frank W. Miller, PLLC
Frank W. Miller
Charles C. Spagnoli
Jason A. Richman
6575 Kirkville Road
East Syracuse, NY 13057

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

Plaintiff pro se J'Kendric Jirelle Agee brought this action against Defendants under 42 U.S.C. § 1983 for alleged violations of Plaintiff's constitutional rights while he was incarcerated at the Auburn Correctional Facility and the Cayuga County Jail. (Dkt. No. 14). On August 18, 2020, Defendants Mitchell and Vincent filed a motion for summary judgment seeking dismissal of Plaintiff's complaint with prejudice. (Dkt. No. 63). The motion was fully briefed, with a response from Plaintiff and a reply from Defendants. (Dkt. Nos. 71, 72). This matter was referred to United States Magistrate Judge Andrew T. Baxter who, on October 22, 2020, issued a Report-Recommendation recommending that the motion for summary judgment be granted in part and denied in part. Specifically, Magistrate Judge Baxter recommended that the motion be denied as to Plaintiff's Eighth Amendment claim against Defendant Mitchell and granted in all other respects, including dismissal of the remaining John Doe defendants, Doe No. 9 and Doe No. 11. (Dkt. No. 76, at 32-33).

Defendant Wade filed a motion for summary judgment on August 31, 2020. (Dkt. No. 68). Plaintiff did not respond to the motion despite having received notice of the consequences of failing to respond. (Dkt. No. 69). This matter was referred to Magistrate Judge Baxter who, on October 26, 2020, issued a Report-Recommendation recommending that Defendant Wade's motion for summary judgment be granted and that Plaintiff's First Amendment retaliation claim against Defendant Wade be dismissed with prejudice because Plaintiff had failed to exhaust his administrative remedies and, alternatively, because Plaintiff failed "to establish a causal connection between the protected conduct and the claimed retaliatory action." (Dkt. No. 77, at 9-11, 15).

In both Report-Recommendations, Magistrate Judge Baxter advised the parties that under

28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 16; Dkt. No. 76 at 33). Plaintiff filed a letter dated November 5, 2020, stating that he "objects to the report written by" Magistrate Judge Baxter "in it's [sic] entirety in relation to the granting of the defendants [sic] summary judgment." (Dkt. No. 78, at 1). Plaintiff did not identify any specific objection to either report. He stated that he "would like to take up his grievances with the United States Court of Appeals for the bettering of both time and economy of this judicial system." (*Id.*). On November 25, 2020, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit from the Report-Recommendation concerning Defendants Mitchell and Vincent. (Dkt. No. 82).[1]

Defendants have not filed any objections to the Report-Recommendations. Defendants responded to Plaintiff's letter, asserting that it was not an adequate objection under Fed. R. Civ. P. 72. (Dkt. Nos. 79, 81). Defendants Mitchell and Vincent also argued that Plaintiff's objection was untimely. (Dkt. No. 81). For the reasons set forth below, the Report-Recommendations are adopted in their entirety.

## II.     STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the

---

[1] This Court has jurisdiction to consider the Report-Recommendation concerning Defendants Mitchell and Vincent despite Plaintiff's filing of a Notice of Appeal with the Second Circuit because the Report-Recommendation was not a final order or judgment and the notice of appeal was clearly premature. *Demuth v. Cutting*, No. 18-795, 2020 WL 918739, at *1 n. 1, 2020 U.S. Dist. LEXIS 32588, at *1 n. 1 (N.D.N.Y. Feb. 26, 2020) (citing *United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) and *Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990)).

objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted); *see* N.D.N.Y. Local Rule 72.1(c) (objections must "specifically identify the portion of the proposed findings, recommendations, or report to which [the party] has an objection and the basis for the objection"). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations omitted).

### III.   DISCUSSION

Plaintiff has failed to properly preserve an objection to either Report-Recommendation. His letter objecting to "the report" "in its entirety in relation to the granting of the defendants summary judgment" fails to specifically identify an objection and the basis for the objection. *Machicote*, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4; *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The Court's review is therefore for clear error. Having reviewed both of Magistrate Judge Baxter's thorough Report-Recommendations for clear error and found none, the Court adopts the Report-Recommendations in their entirety.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Baxter's Report-Recommendations (Dkt. Nos. 76 and 77) are **ADOPTED** in all respects; and it is further

**ORDERED** that Defendant Wade's motion for summary judgment (Dkt. No. 68) is **GRANTED** and Plaintiff's amended complaint is **DISMISSED in its entirety with prejudice** as against Defendant Wade; and it is further

**ORDERED** that the motion for summary judgment filed by Defendants Vincent and Mitchell (Dkt. No. 63) is **DENIED** as to Plaintiff's Eighth Amendment claim against Defendant Mitchell, and that the motion for summary judgment is otherwise **GRANTED**, and that the amended complaint is **DISMISSED** in all other respects, including **DISMISSED** against the remaining Doe defendants (John Doe No. 9 and John Doe No. 11); and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  December 1, 2020
          Syracuse, New York

*[signature]*
Brenda K. Sannes
U.S. District Judge

5