UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

J'KENDRIC JIRELLE AGEE,

                                *Plaintiff*,

    -against-

                                                    9:19-CV-57
                                                   (BKS/ATB)

TROY MITCHELL,

                                *Defendant*.
_____

## DEFENDANT'S TRIAL BRIEF

                                                                  LETITIA JAMES
                                                                  Attorney General of the State of New York
                                                                  Syracuse Regional Office
                                                                 Attorney for Defendant
                                                                 300 S. State Street, Ste. 300
                                                                Syracuse, NY 13202

By:    Aimee Cowan
         Assistant Attorney General, of Counsel
         Bar Roll No. 516178
         Telephone: (315) 448-4800
         Fax: (315) 448-4853
         E-mail: Aimee.Cowan@ag.ny.gov

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**………………………………………………...………...……...1

**ARGUMENT**…………………………………………………………………..…....................1

    I.    PLAINTIFF WILL NOT BE ABLE TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT MITCHELL USED EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT ……………………………………1
.
    II.   DEFENDANT MITCHELL IS ENTITLED TO QUALIFIED IMMUNITY…………6

    III.  PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES………………………7

**CONCLUSION**……………………………………………………………….………….………8

**PRELIMINARY STATEMENT**

This Trial Brief is submitted on behalf of Defendant Troy Mitchell ("Defendant") in accordance with the Court's Pre-Trial Submissions requirements for the jury trial scheduled to commence on November 29, 2021.

The one remaining claim to be decided at trial is: whether pursuant to 42 U.S.C. §1983, Defendant Mitchell used excessive force on Plaintiff on February 29, 2016 in violation of Plaintiff's Eighth Amendment rights.

The following discussion constitutes the basic relevant legal standards for Plaintiff's claim to be tried, as well as Defendant's qualified immunity defense. In addition, the following includes a discussion of what the relevant evidence will show at trial with respect to this claim.

**ARGUMENT**

**I.  PLAINTIFF WILL NOT BE ABLE TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT MITCHELL USED EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT**

"The Eighth Amendment prohibits the infliction of cruel and unusual punishments…including the unnecessary and wanton infliction of pain." *Giffen v. Crispen*, 193 F.3d 89, 91 (2d Cir. 1999) (citation and internal quotation marks omitted). In order to demonstrate that a defendant used excessive force in violation of the Eighth Amendment, Plaintiff must prove two components— "one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Wright v. Goord*, 554 F.3d 255, 268–69 (2d Cir. 2009)(citing *Hudson v. McMillian,* 503 U.S. 1, 7–8 (1992)).

First, under the subjective prong, Plaintiff must show that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness' in light of the particular circumstances surrounding the challenged conduct." *Id.* (citing *Sims v. Artuz,* 230 F.3d 14, 21 (2d

Cir.2000)). "Wantonness" is measured by "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. (citing *Hudson,* 503 U.S. at 7); *see also*, *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016)(quoting *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003). In determining whether defendants acted maliciously or wantonly, "a court must examine several factors including: the extent of the injury and mental state of the defendant, as well as the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response." *Harris*, 818 F.3d at 63, (quoting *Scott*, 344 F.3d at 291).

Next, to satisfy the objective prong, Plaintiff must show the harm done, in light of "contemporary standards of decency." *Wright*, 554 F.3d at 268–69 (citing *Hudson,* 503 U.S. at 8). The court must ask whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id.* However, the Eighth Amendment's prohibition against cruel and unusual punishment does not extend to "*de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. (citing *Hudson,* 503 U.S. at 10). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" *Id.* (citing *Hudson,* 503 U.S. at 9).

Additionally, courts in this Circuit have routinely found *de minimis* injuries are insufficient to satisfy the objective prong for claims of Eighth Amendment violations. *See, e.g., Bryan v. Adm. of F.C.I. Otisville,* 897 F.Supp. 134, 137 (S.D.N.Y.1995) (noting that the "Second Circuit has deemed brief confrontations between prisoners and guards such as the pushing incident alleged here insignificant for Eighth Amendment purposes"); *James v. Phillips,* 2008 WL 1700125, at \*4–\*5 (S.D.N.Y. 2008) (finding *de minimis* use of force when prison guard shoved inmate into a door

which resulted in swelling of inmate's chin); *DeArmas v. Jaycox,* 1993 WL 37501, at *4 (S.D.N.Y. 1993) (finding plaintiff's allegation that he suffered a bruise and injured right knee after being punched once and kicked once constituted *de minimis* use of force); *Sprau v. Coughlin*, 997 F. Supp. 390, 394–95 (W.D.N.Y. 1998).

      Here, Plaintiff will not be able to show that Defendant's actions on February 29, 2016, could be characterized as "wanton." Indeed, the evidence will show that the only force that was applied by Defendant Mitchell was applied in a good faith effort to maintain or restore discipline. The evidence will show that on February 29, 2016, while in the mental health unit, Plaintiff refused to return his meal tray to the officer who was tasked with retrieving it. Plaintiff is expected to testify that he refused to give the tray back by not responding to the officer when asked to give him the tray and by "going back to sleep." Plaintiff will admit that it is against the facility rules to keep a dinner tray in a cell after dinner is over.

    Plaintiff is expected to testify that after he refused to return his tray on February 29, 2016, he heard his cell open, but he did not move. Lt. Mitchell will testify that Plaintiff was unresponsive while an officer was trying to retrieve his tray. Consequently, Lt. Mitchell and Correction Officer Cornish entered Plaintiff's cell. Officer Cornish will testify that he shook Plaintiff's left shoulder as he laid on the bed unresponsive. Plaintiff then began to move his hands and legs quickly in a threatening, random and aggressive manner. Lt. Mitchell will testify that he grabbed Plaintiff's left wrist with both hands and pulled him from the bed to the floor. Once on the floor, Lt. Mitchell lost his hold on Plaintiff's left wrist and Plaintiff held both hands tightly to his chest. Officer Cornish will testify that he grabbed Plaintiff's left wrist and forced it behind his back. Lt. Mitchell grabbed Plaintiff's right wrist but was unable to move his right arm. Lt. Mitchell will testify that he struck

3

Plaintiff once to the right side of the face with an open hand and was then able to force Plaintiff's right hand behind his back. Lt. Mitchell applied handcuffs and Plaintiff became compliant.

The evidence will show that Plaintiff was examined by medical staff, who observed only swelling to his right eye. In fact, the nurse who examined Plaintiff noted that no abrasions or lacerations were present, and that Plaintiff's eye was intact and clear. The nurse stated that no other treatment was needed. Plaintiff is expected to testify that as a result of the February 29, 2016 use of force incident, he felt lower back pain for about a week.

Courts in this District and other courts in this Circuit have held that conduct akin to that alleged by Plaintiff is insufficient to support an Eighth Amendment claim of excessive force. *See*, *Martinez v. Morton*, No. 915CV1428MADATB, 2017 WL 9673723, at *5 (N.D.N.Y. 2017), *report and recommendation adopted,* No. 915CV1428MADATB, 2018 WL 1135399 (N.D.N.Y. 2018); *Phelan v. Thomas*, 2017 WL 519246 (N.D.N.Y. 2017); *McEachin v. Bek*, 2012 U.S. Dist. LEXIS 46323, *17-18 (W.D.N.Y. 2012); *Mayo v. Lavis*, 2016 U.S. Dist. LEXIS 62994, *18 (W.D.N.Y. 2016) ; *Judge v. Gibson*, 2015 WL 926388 (N.D.N.Y. 2015).

The jury will find that the force used by Lt. Mitchell was *de minimus* and simply does not rise to an Eighth Amendment constitutional violation. It should also be noted that Plaintiff testified he never had any prior issues with Lt. Mitchell, which will also not support an inference that Lt. Mitchell used force on him out of any personal resentment or malice. *See, Vasquez v. Cty. of Rockland,* 2020 WL 883514, at *9 (S.D.N.Y. Feb. 24, 2020)(There is no evidence in the record that Vasquez and any of the Individual Defendants "had any preexisting relationship that might support an inference that [they] pushed [Vasquez] out of personal resentment or malice")(citing *Cox v. Fischer,* 248 F. Supp. 3d 471, 486 (S.D.N.Y. 2017); *James,* 2008 WL at *4 ("This is not a case where the officer and inmate had a history of unpleasant interactions.").

4

Furthermore, although the lack of injury is not fatal to an excessive force claim, the extent and nature of an injury, if any, " 'is probative of the amount and type of force actually used ... and that in turn is likely to reflect on the reasonableness of that force[.]' " *Martinez*, 2017 WL at *5, citing *Cunningham v. McCluskey*, 2011 WL 2791336, at *7 (S.D.N.Y. 2011) (quoting *Yang Feng Zhao v. City of New York*, 656 F. Supp. 2d 375, 390 (S.D.N.Y. 2009); *Washington v. Parr*, 561 F. Supp. 2d 394, 407 (S.D.N.Y. 2008) (finding de minimis injury to be probative of de minimis force).

In *Perry v. Stephens*, 659 F. Supp. 2d 577 (S.D.N.Y. 2009), plaintiff alleged that defendant correction officer slapped him several times across the face and choked him until another officer pulled him away. *Id*. at 582-83. The defendant officer denied using any force against plaintiff or having any physical contact against him at all. *Id*. Plaintiff's alleged injuries consisted of a slight bruise and pain that lasted a few days, requiring ointment to treat it. *Id*. The court found that plaintiff's injuries were *de minimis* and not sufficiently serious or harmful to "reach constitutional dimensions."

*See also*, *Ellis v. Catalano,* 2020 WL 1956963, at *10 (S.D.N.Y. Apr. 23, 2020)("superficial abrasions" to the right and left shoulder, right back, bilateral chest wall, right shoulder, left eye and ear were *de minimus*); *Espinal v. Goord*, 2001 WL 476070, *13 (S.D.N.Y. 2001) (excessive force claim rejected where plaintiff testified that he was struck by defendant "two or three times in the head", the pain "wasn't really nothing" and the only injury he suffered was redness); *Kalwasinski v. Artuz*, 2003 WL 22973420, at *4 (S.D.N.Y. 2003)(finding that a bump and swelling on the head, headaches, scratches, bruises, and abrasions, resulting from a push to floor were "at most minor and superficial" and did not violate Eighth Amendment).

Consequently, even if the jury were to believe that the injuries Plaintiff claims were proximately caused by the force he alleges, such that he had swelling to his right eye and sustained

5

back pain for approximately a week, those injuries are *de minimus* and insufficient to satisfy the objective prong for an Eighth Amendment claim.

## II. DEFENDANT MITCHELL IS ENTITLED TO QUALIFIED IMMUNITY

The Supreme Court and the Second Circuit have recognized that public officials such as Correction Officers are entitled to qualified immunity unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (citing *Reichle v. Howards*, 566 U. S. 658, 664 (2012)). For conduct to be "clearly established" it means that the law was "'sufficiently clear' that every 'reasonable official would understand that what he is doing'" is unlawful. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Thus, existing law must have placed the constitutionality of the officer's conduct "beyond debate." *Id.*

Where, as here, it is not disputed that freedom from excessive force is a clearly established right, we ask whether "various courts have agreed that certain conduct is a constitutional violation under facts not distinguishable in a fair way from the facts presented in the case at hand." *Beckles v. City of New York*, 492 F. App'x 181, 182 (2d Cir. 2012). As instructed by the Supreme Court, we are "not to define clearly established law at a high level of generality," *al-Kidd*, 563 U.S. at 742, 131 S.Ct. 2074 (citations omitted), and we consider, as we must, the particular circumstances in which the force was used. *Brown v. City of New York*, 862 F.3d 182, 190 (2d Cir. 2017).

The Supreme Court has explained that qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (internal citation and quotation marks omitted).

On February 29, 2016, while in the mental health unit, Plaintiff refused to return his tray to the officer who was tasked with retrieving it. Plaintiff claims he refused to give the tray back by

6

not responding to the officer when asked to give him the tray and by going "back to sleep." Plaintiff heard his cell open, but he did not move. Officers entered Plaintiff's cell, but he did not say anything to them. This testimony corroborates Lt. Mitchell's contention that Plaintiff was unresponsive while an officer was trying to retrieve his tray and after he and Correction Officer Cornish entered Plaintiff's cell.

Further, Plaintiff was examined by medical staff, who observed only swelling to his right eye. The nurse who examined Plaintiff will testify that she noted that no abrasions or lacerations were present and that Plaintiff's eye was intact and clear. The nurse stated that no other treatment was needed. Plaintiff alleges that as a result of the February 29, 2016 use of force incident, he sustained lower back pain for about a week. The medical evidence will indicate that the force used on Plaintiff did not cause any serious injuries.

With respect to Lt. Mitchell, if the jury were to accept Lt. Mitchell's allegations as true, it is *certainly* not clearly established that the force used by him was excessive. Further, no reasonable jury could conclude that Lt. Mitchell's actions were objectively unreasonable under the circumstances to which Plaintiff himself admits. Consequently, Lt. Mitchell should be entitled to qualified immunity.

### III.   PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES

Punitive damages are not appropriate in this case and such instructions should not be submitted to the jury.  A defendant's unlawful conduct must pass a certain threshold in order to justify an award of punitive damages. *Smith v. Wade*, 461 U.S. 30, 51, 56 (1983) (holding that a jury "may be permitted to assess punitive damages… when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."). To be entitled to an award of punitive damages, a plaintiff

must show "a positive element of conscious wrongdoing." *Frank Sloup and Crabs Unlimited, LLC, v. Loeffler*, 745 F.Supp.2d 115 (E.D.N.Y. 2010)(c*iting New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101 (2d Cir. 2006). Even a determination that defendant is not protected by qualified immunity because he violated a clearly established federal law does not automatically entitle Plaintiff to an instruction on punitive damages. *McCardle v. Haddad*, 131 F.3d 43 (2d Cir. 1997).

Here, Plaintiff will fail to show evidence of "a positive element of conscious wrongdoing" as to Lt. Mitchell. Further, there will be no possible view of the evidence that Lt. Mitchell's conduct approached the degree of reprehensibility necessary to merit an award of punitive damages. Consequently, the jury should not consider a punitive damages instruction.

## CONCLUSION

Defendant respectfully submits this Trial Brief as part of his pretrial submissions for the jury trial in this matter scheduled to commence on November 29, 2021.

Dated:  Syracuse, New York
       November 8, 2021

                                    LETITIA JAMES
                                    Attorney General of the State of New York
                                    Attorney for Defendant
                                    Syracuse Regional Office
                                    300 S. State Street, Ste. 300
                                    Syracuse, New York 13202
                                    By: _____s/_____
                                    Aimee Cowan
                                    Assistant Attorney General, of Counsel
                                    Bar Roll No. 516178
                                    Telephone:    (315) 448-4808
                                    Fax:  (315) 448-4853 (Not for service of papers)