UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J'KENDRIC JIRELLE AGEE, | Civil Action No.:  9:19-cv-00057 (BKS-ATB) |
| Plaintiff, | |
| -vs- | |
| MR. ANDREW CUOMO, et al., | |
| Defendants. | |

**PLAINTIFF'S TRIAL BRIEF**

## JURISDICTION AND APPLICABLE LAW

Jurisdiction for the plaintiff's federal claim is based on 28 U.S.C. §§ 1331 and 1343. The Court also has jurisdiction pursuant to 28 U.S.C. § 1391(b)(2) as a "substantial part of the events or omissions giving rise to the claim occurred" in the district.

## PROCEDURAL SETTING

Following the Court's decision and order on the defendants' various summary judgment motions, only plaintiff's claim against defendant Troy Mitchell survives. The surviving claim alleges defendant Mitchell used excessive and unreasonable force upon the plaintiff's person while he was an inmate in the Auburn Correctional Facility in violation of 42 U.S.C. § 1983. The matter is scheduled to proceed to a jury trial, commencing on November 29, 2021, in Syracuse, New York. Plaintiff expects the trial to last approximately two (2) days.

## STATEMENT OF FACTS

On February 29, 2016, the plaintiff was an inmate in the Auburn Correctional Facility. Due to an incident on February 28, 2016, in which correctional officers at the facility alleged plaintiff possessed contraband in the form of a razorblade-type weapon, plaintiff was transported to the special housing unit. Plaintiff maintains he never possessed such a weapon. In any event, plaintiff became very sad due to the allegations, and was subsequently moved from the special housing unit to the hospital unit for twenty-four (24) hour suicide surveillance. Plaintiff was due to be released from the Auburn Correctional Facility in early March of 2016, and believed the false allegations by the correctional officers would impact his release date. Plaintiff's behavior while in the hospital unit was normal. Plaintiff slept a lot, and did not exhibit any aggressive behavior.

In the afternoon on February 29, 2016, a meal was delivered to the plaintiff in the hospital unit cell. After plaintiff ate, he did not respond to an officer who requested he return his tray.

Instead, he laid down on his bed and went to sleep. At about 4:15 p.m., plaintiff heard his cell door open. He did not move from his position on the bed. Lieutenant Troy Mitchell and Officer Kyle Cornish, two (2) correctional officers at the facility, entered into plaintiff's cell. Plaintiff alleges the two (2) men jumped on his back, and that Lieutenant Mitchell slapped, punched and kicked him repeatedly. After the incident, plaintiff was examined by the facility's nurse, who photographed plaintiff to document the "use of force" incident. The photographs show a large bruise and swelling on plaintiff's face. Plaintiff also maintains his back was injured in the altercation. Lieutenant Mitchell and Officer Cornish were not injured at all, and admitted to using force on plaintiff on the date and time alleged in the complaint. However, defendant maintains that the use of force was reasonable.

## ARGUMENT

I. **Plaintiff Will Prevail On His Excessive Force Claim, Because Lieutenant Mitchell Used Unreasonable Force Under The Circumstances.**

The Eighth Amendment places certain restraints on prison officials, who may not, for example, use excessive physical force against prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The particular facts of this case, which indicate plaintiff was alone and laying down on the bed in his cell when two (2) prison officials essentially jumped him, warrant a finding that the defendant's use of force was excessive. First, the evidence will show that defendant Mitchell and Officer Cornish provoked the incident by entering into plaintiff's cell for the purpose of retrieving the tray, and instead jumped plaintiff, who was not acting in an aggressive manner at all. In fact, plaintiff expects the evidence to show that defendant Mitchell sadistically used force to cause harm to plaintiff by striking him in the face. Such an action violates contemporary standards of decency, and are in violation of the Eighth Amendment. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Plaintiff expects defendant to argue that plaintiff did not sustain a significant injury and that the

3

use of force was reasonable. The operative question in this case however, is not whether a certain quantum of injury was sustained, but rather, whether the force applied by defendant Mitchell was applied in a good-faith effort to maintain or restore discipline in the prison, or whether it was used maliciously in order to cause harm. *Id.* Plaintiff anticipates the evidence proffered by him will establish that defendant Mitchell used excessive force on him and caused an injury in violation of his Eighth Amendment rights.

**II.     Defendant Mitchell Is Not Entitled To Qualified Immunity.**

A defendant correctional officer may be entitled to qualified immunity in an excessive force case if it was objectively reasonable for him to believe that the use of force was lawful. *Jackson v. Tellado*, 236 F.Supp.3d 636, 661 (E.D.N.Y. 2017). The qualified immunity inquiry essentially asks whether any constitutional violation was clearly established. *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 205 (2001)). However, if a jury returns a verdict finding excessive force, having been properly instructed on the law, the jury is essentially saying that the officer has not made a reasonable mistake of fact, and that the use of force was not objectively unreasonable. *Id.* at 662. A Court may still grant qualified immunity if it finds that an officer has made a reasonable mistake of law, i.e., if the constitutional violation he has committed was not a "clearly established" violation. *Id.* (citing *Pearson v. Callahan*, 555 U.S. 233 (2009)).

Assuming that the jury finds defendant Mitchell used excessive force on the plaintiff, the plaintiff respectfully submits that the right to be free from excessive force was a clearly established constitutional right. Defendant Mitchell is not entitled to qualified immunity because it was not objectively reasonable to believe that using excessive force on plaintiff who was laying down docilely on his bed in a hospital unit cell did not violate plaintiff's rights.

## DAMAGES

The plaintiff will seek compensatory damages to compensate him for the physical pain and suffering and emotional pain and suffering he sustained on February 29, 2016. The plaintiff will testify as to the residual pain he has suffered, as well as the extent of his injuries he received to his face and body as a result of the excessive force. The plaintiff will also seek punitive damages from defendant Mitchell due to the intentional and malicious nature of the defendant's conduct toward him.

## CONCLUSION

For the reasons set forth above, the plaintiff's case should go to the jury and judgment should not be granted as a matter of law in favor of the defendant. The jury should weigh the established facts at trial, and should determine the relevant issues in this case. Should the jury determine defendant Mitchell used excessive force on plaintiff in violation of his constitutional rights, defendant Mitchell should not be granted qualified immunity, as such a grant would be inconsistent with the jury's finding and completely unreasonable.

DATED:   November 8, 2021                    COSTELLO, COONEY & FEARON, PLLC

s/Kelly J. Pare
**KELLY J. PARE**
**Bar Roll No.: 700212**
**Attorneys for Plaintiff,**
  *J'Kendric Jirelle Agee*
**Office and Post Office Address**
**211 West Jefferson Street**
**Syracuse, New York 13202**
**Telephone: (315) 422-1152**

**TO:    NEW YORK STATE ATTORNEY GENERAL
          SYRACUSE REGIONAL OFFICE
          Aimee Cowan, Esq.
          Office and Post Office Address
          300 South State Street, Suite 300
          Syracuse, New York 13202
          Telephone:   (315) 448-4808
          E-mail: aimee.cowan@ag.ny.gov – (via PACER only)**